Ted Stepovich, Esq
841 I Street
Anchorage, Alaska 99501
Ph: 907-272-9322
Fax: 907-277-1373
Email: Ted@akdltlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Jeff Francis, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| Mat-Su Valley Medical Center, LLC d/b/a Alaska Regional Medical Center, | ) |
| | ) |
| _____ | ) Case No. _____ |

**<u>CIVIL COMPLAINT</u>**

Plaintiff, Jeff Francis, by and through undersigned counsel, and for his complaint against the defendant states and alleges:

**<u>JURISDICTION AND VENUE</u>**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA) and the Alaska Human Rights Act, Ak. Stat. 18.80 et seq.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

*LAW OFFICE OF TED STEPOVICH, 841 I STREET, Anchorage, Alaska 99501, Ph: 272-9322 Fax: 277-1373*

1

b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## DEMAND FOR JURY

4. Plaintiff demands a trial by jury as to all matters so triable.

## STATEMENT OF FACTS AND CLAIMS

5. Plaintiff is a resident of the State of Alaska, Third Judicial District and resides in Wasilla, Alaska.

6. Defendant is a Limited Liability Company organized under the laws of the State of Alaska doing business as Alaska Regional Medical Center and is an employer as defined in the ADA with more than 100 employees. Defendant's place of business is Palmer, Alaska.

7. Plaintiff was employed by defendant from January 3, 2006 to January 2, 2012 and obtained the position of Food Service Technician I, also known as a culinary assistant or cook's helper.

8. Plaintiff suffers from a developmental disability which limits his cognitive abilities and interferes with receiving,

LAW OFFICE OF TED STEPOVICH
841 I STREET
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

processing, and communicating information and at the time of his hire, defendant knew or reasonablely should have known about plaintiff's disability.

9. Plaintiff was terminated from his employment by defendant on January 2, 2012. In terminating the plaintiff, defendant alleged that there were two incidents where plaintiff violated hospital policy by failing to properly identify the name and birth date of a patient before delivery of a meal tray to the patient.

10. Defendant made no attempt to accommodate plaintiff's disability and made no attempt to change its policies or procedures to insure that plaintiff would understand requirements before delivery meal trays to a patient.

11. Defendant did not offer the plaintiff additional assistance, training or supervision in an attempt to accommodate plaintiff's disability.

12. Plaintiff filed a timely complaint with the Alaska, State Commission for Human Rights ("ASCHR") and a timely complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").

13. ASCHR reached a determination on or about June 19, 2014 and found that plaintiff's allegations against defendant were supported by substantial evidence. A copy of the findings entered by ASCHR is attached as Exhibit 1.

LAW OFFICE OF TED STEPOVICH
841 I STREET
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

14. The EEOC found reasonable cause to believe that plaintiff had been discriminated against because of his disability.

15. The EEOC issued a right to sue letter which was mailed on February 12, 2015 and received by the plaintiff on or about February 15, 2015. Plaintiff is allowed 90-days within which to file this action and this action is timely filed. A copy of the EEOC right to sue letter is attached as Exhibit 2.

16. The limitations period set out in Title 09, Sec. 09.10.070(a) applies to actions seeking relief under the Alaska Human Rights Act, however, the limitations period is tolled while an administrative action is pending before ASCHR. Beegan v. State, DOTPF, 195 P.3d 134, 140-144 (Alaska 2008).

## COUNT I

17. Plaintiff incorporates all preceding paragraphs of this complaint into this first cause of action and further complains and alleges:

18. Plaintiff is an individual with a disability recognized under the ADA.

19. Defendant is an employer subject to the ADA

20. Defendant had actual knowledge and/or reasonablely should have known of plaintiff's disability when he was hired and while he was employed with the defendant.

LAW OFFICE OF TED STEPOVICH
841 I STREET
Anchorage, Alaska 99501
Ph: 272-9322 Fax: 277-1373

21.  Defendant terminated the plaintiff's employment due to conduct caused or substantially caused by his disability.

22.  Defendant could have accommodated plaintiff's disability without imposing an undue hardship upon the defendant.

23.  Defendant failed to accommodate plaintiff's disability and terminated the plaintiff due to his disability in violation of the ADA.

24.  Plaintiff has lost wages, suffered emotional upset and is entitled to damages in an amount in excess of $50,000.00 with the exact amount to be established at the time of trial.

25.  Plaintiff is also entitled to full, reasonable attorney fees and costs for the prosecution of this action.

### COUNT II

26.  Plaintiff incorporates all preceding paragraphs of this complaint into this second cause of action and further complains and alleges:

27.  Alaska Statute § 18.80.220 prohibits and employer from discriminating against an employee on account of a mental or physical disability and the remedies of the Alaska Human Rights Act exceed the remedies allowed under the ADA.

28.  Under AS 18.80.220, actual notice of a disability is not required and an employer is liable even if it negligently violates the act.

LAW OFFICE OF TED STEPOVICH
841 I STREET
Anchorage, Alaska 99501
Ph: 272-9322  Fax: 277-1373

29. Defendant terminated the plaintiff's employment due to conduct caused or substantially caused by his disability.

30. Defendant could have accommodated plaintiff's disability without imposing an undue hardship upon the defendant.

31. Defendant failed to accommodate plaintiff's disability and terminated the plaintiff due to his disability in violation of AS 18.80.220.

32. Plaintiff has lost wages, suffered emotional upset and is entitled to damages in an amount in excess of $50,000.00 with the exact amount to be established at the time of trial.

WHEREFORE, plaintiff prays for the following relief:

1. Judgment against the defendant and in favor of the plaintiff to include a judgment for back pay, reinstatement, emotional distress damages and such other relief as may be appropriate under the facts of this case.

2. An award of actual, reasonable attorney fees and costs, including any costs incurred in hiring expert witnesses.

SUBMITTED on this 13th day of May, 2015 in Anchorage, Alaska.

> Law Office of Ted Stepovich
> s/Ted Stepovich
> 841 I Street
> Anchorage, Alaska 99501
> 907-272-9322
> 907-277-1373- Fax
> Ted@akdltlaw.com
> ABA: 8711113